FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2008 FEB 15 PM 12: 49

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

---

MATTHEW SPILLMAN,

    Plaintiff,

  -v-                                          08-CV-0008M

MALCOLM CULLY, JANINE BAKER-GIBSON,       **ORDER**

    Defendants.

---

Plaintiff, Matthew Spillman, an inmate at the Livingston Correctional Facility, has filed a complaint under 42 U.S.C. § 1983 against Janine Baker-Gibson, the Inmate Records Coordinator at Livingston, and Malcolm Cully, the Superintendent at Livingston, alleging that he is being held in custody at Livingston beyond his release date based on what appears to be a warrant or detainer lodged by the State of Virginia. He claims that the warrant is null and void and "should be lodged with the proper authorities in New York State where its illegality can be resolved." Plaintiff also claims that the two named defendants, in addition to his public defender and an Assistant District Attorney from Livingston County, who are not named as defendants in the caption of the complaint, have violated his constitutional rights by relying on an illegal warrant to hold him in custody to extradite him back to Virginia.

Plaintiff also seeks permission to proceed *in forma pauperis* 28 U.S.C. § 1915(a) and the appointment of counsel. Because petitioner has met the statutory requirements, his request to

proceed as a poor person is hereby granted. For the reasons discuss below, his request for the appointment of counsel is denied without prejudice.

### A. Conversion of Complaint to Habeas Corpus Petition

Because the gravaman of the complaint is plaintiff's alleged unlawful detention, it appears that the complaint should be recharacterized as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] See Cook v. New York State Div. of Parole, 321 F.3d 274 (2d Cir.2003); see also James v. Walsh, 308 F.3d 162, 166 (2d Cir.2002) ("[I]t is the substance of the petition, rather than its form, that" governs); Robinson v. Atkinson, 2004 WL 1798129, at *2 (S.D.N.Y. 2004) ("By its terms, section 2254 'is not limited to challenges to an underlying conviction or sentence but can be used by any state prisoner who is in custody pursuant to a state court judgment and who challenges that custody on constitutional grounds.'") (citing Rossney v. Travis, 2003 WL 135692, at *3 (S.D.N.Y. 2003).

However, before the Court can recharacterize the complaint as a petition under § 2254, it must first provide plaintiff both notice of its intent to recharacterize the complaint and an

---

[1] "[W]here an inmate . . . challeng[es] the fact of his conviction or the duration of his sentence, [the] claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (citations omitted).

2

opportunity to withdraw the complaint rather than having it so recharacterized. See Adams v. United States, 155 F.3d 582, 584 (2d Cir.1998) (per curiam). Because a prisoner cannot bring a "second or successive" petition under § 2254 except under narrow circumstances, see 28 U.S.C. § 2244(b), if petitioner's complaint herein is properly converted to a section 2254 petition, he might be precluded from later seeking federal review of claims, even meritorious ones, not raised currently in the instant complaint. Accordingly, the Second Circuit in Adams determined that before a mislabeled petition can be properly recharacterized to one under § 2255, the district court must provide petitioner notice of its intent to recharacterize the petition, thereby subjecting it to the second and successive rule of § 2244(b), and provide the petitioner an opportunity to withdraw it. See Cook, 321 F.3d at 281-82 (applying Adams to the conversion of a § 2241 petition to a § 2254 petition because a § 2254 petition, like a § 2255 petition, is subject to the second and successive rule--gate-keeping mechanism--of § 2244(b)).

The Court is hereby notifying and advising plaintiff that it intends to recharacterize the instant § 1983 complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and that this recharacterization means that any subsequent § 2254 petition will be subject to the restrictions on "second" or "successive" petitions set forth in 28 U.S.C. § 2244(b). If the

complaint is recharacterized as a petition under § 2254 it will also be subject to the one year period of limitations set forth in § 2254(d)(1).

The recharacterization or conversion of the instant complaint to a petition under § 2254 will occur unless plaintiff notifies the Court in writing by **March 14, 2008 that he either (1) consents to the recharacterization or (2) voluntary withdraws the complaint instead of having it recharacterized as a petition for a writ of habeas corpus pursuant to § 2254. If plaintiff does not advise the Court in writing by March 14, 2008 of either his consent to the recharacterization of this complaint to a petition under § 2254 or his voluntary withdrawal of this petition, the Court will recharacterize this complaint as a petition under § 2254.**

B.  Motion for Appointment of Counsel

Plaintiff's motion for counsel is denied at this time. It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Murray v. Giarratano, 492 U.S. 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required (see Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), Graham v. Portoundo, 506 F.3d 105, 2007 WL 2850293 (2d Cir. 2007)), as are indigent petitioners who seek to vacate or set aside a sentence of

4

death. See 21 U.S.C. § 848(q)(1)(4)(B); McFarland v. Scott, 512 U.S. 849(1994).

Appointment of counsel is within the judge's discretion, see In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). Even if plaintiff consents to the recharacterization of the instant complaint to a habeas corpus petition, the Court has reviewed the facts presented herein in light of the factors required by law. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice at this time.

**SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   February 12, 2008
         Rochester, New York