FILED                    -PS-O-

UNITED STATES DISTRICT COURT         2008 JUL -7  PM 1:40
WESTERN DISTRICT OF NEW YORK
                                     U.S. DISTRICT COURT
                                     W.D.N.Y. - BUFFALO
MATTHEW SPILLMAN,

                    Plaintiff,

          -v-                              08-CV-0008M
                                           **ORDER**
MALCOLM CULLY AND JANINE BAKER-GIBSON,

                    Defendants.


                       **INTRODUCTION**

     Plaintiff, Matthew Spillman, acting pro se, filed a complaint
under 42 U.S.C. § 1983, which the Court construed liberally as
alleging that plaintiff was being held in custody at the Livingston
Correctional Facility beyond his release date based on what appeared
to be detainer lodged by the State of Virginia.  He claimed that the
detainer was null and void and "should [have been] lodged with the
proper authorities in New York State where its illegality can be
resolved."  Plaintiff also claimed that the two named defendants,
Malcolm Culley, Superintendent of the Livingston Correctional
Facility, and Janine Baker-Gibson, Inmate Records Coordinator, in
addition to his public defender and an Assistant District Attorney
from Livingston County, who were not named as defendants, violated
his constitutional rights by relying on an illegal warrant to hold
him in custody to extradite him back to Virginia.

Based on what the Court construed as the gravamen of the complaint--*i.e.*, plaintiff's illegal detention based on an unlawful warrant or detainer--the Court determined that the complaint was, in effect, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, see Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), and pursuant to the dictates of Adams v. United States, 155 F.3d 582, 584 (2d Cir.1998) (per curiam), the Court notified plaintiff of its intention to recharacterize or convert the complaint to a petition for a writ of habeas corpus and provided plaintiff an opportunity to either withdraw the petition rather than have it so recharacterized, or consent to the recharacterization. (Docket No. 4).

## DISCUSSION

Plaintiff rather than advising the Court of his intention to withdraw the complaint or consent to its recharacterization, filed "Objections" to the undersigned's Order arguing that pursuant to Wilkinson v. Dotson, 544 U.S. 74 (2005), a prisoner can seek relief under § 1983 "that will render invalid the state procedures used to deny parole eligibility." He claims that success in this matter would not necessarily "spell speedier release," and that the basis of his claim is that defendants somehow circumvented the Interstate Compact Agreement on Detainers, N.Y.Crim.Proc.L., § 259-m, when, despite knowledge that he had been discharged from his parole in

2

Virginia "[defendants failed to] notif[y] the Division of Parole for the revocation hearing to be held." (Docket No. 5). The Court is, admittedly, still not certain what relief plaintiff may be seeking based on what now appears to be his claim--*viz.*, that the detainer was invalid, defendants knew the detainer was invalid but lodged it anyway and that the defendants lodged the detainer simply for unlawful reasons--and whether plaintiff is seeking, at this time, another parole revocation hearing, release or some other form of relief available in an action under § 1983.

The plaintiff's Objections are construed by the Court as both a motion for reconsideration and plaintiff's non-consent to the recharacterization of the complaint to a petition under 28 U.S.C. § 2254.

Attached to the Objections are copies of documents from the Commonwealth of Virginia which shed some additional light on plaintiff's parole status, or lack thereof in Virginia, and what his actual claims herein may be. The first document is a "Certificate of Discharge" from Virginia which recites that plaintiff "having been released on parole February 22, 1994 [the Virginia Parole Board] has ... directed that final Discharge be entered effective August 22, 1994 and hereby issues this Certificate of Discharge." (Docket No. 5). The second document is a Virginia Parole Board Conditions of Parole form, executed on or about February 23, 1994, indicating that plaintiff was granted parole effective February 22,

3

1994, and the third is a "Parole and Probation Compact Form in Agreement to Return," executed February 22, 1994, which indicates that plaintiff's parole supervision was transferred from Virginia to New York in February 2004.

The complaint itself includes a section that is titled "Informal Complaint" and appears to allege that defendant, Baker-Gibson, the Inmates Record Coordinator, upon plaintiff's receipt at the Livingston Correctional Facility from the Upstate Correctional Facility, where he was initially processed on a New York parole violation, showed him a copy of the Virginia Warrant, and that, despite Baker-Gibson's apparent awareness of the warrant and its invalidity based on plaintiff's parole discharge by Virginia, Baker-Gibson failed to take any action to clarify the mistake. He claims that because of Baker-Gibson's inaction, he is subject to being arrested by the Livingston County Sheriff's Department upon his release from Livingston on a warrant that is known to be invalid. He claims that since he "owe[s] no parole in Virginia" defendants are "committing [sic] great error and lawlessness against [him]." (Docket No. 1, Complaint, at p. 4-B).

According to the New York State Department of Correctional Services' ("DOCS") website, http://nysdocslookup.docs.state.ny.us,[1]

_____

[1]It is proper for the Court to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed.R.Evid. 201(b). While much information on the Internet does not meet the requirements of Rule 201(b), sentence information on the DOCS' web site is unquestionably accurate and readily available.

plaintiff is currently serving in New York--upon a parole violation--a sentence of four years and six months to nine years for the criminal sale of a controlled substance in the third degree.  His "Original Date Received" date into DOCS custody is noted as August 5, 1998, and his "Current Date Received" date is noted as May 8, 2007.  His maximum expiration date is noted as August 3, 2008.

Upon review of both the complaint and Objections, plaintiff may not, in fact, be challenging his parole revocation proceeding in New York or his current incarceration on that revocation, and therefore may not be seeking an earlier release from said incarceration.  Rather, he may be seeking some type of relief based on what he believes is defendants' failure to  correct a detainer lodged against him by Virginia and the impact this may have when he is released from his New York sentence.

In addition to the issue concerning whether or not plaintiff is seeking an earlier release, the Court also questions the nature of the constitutional violation alleged herein and what form or type of relief, if not earlier release, plaintiff is seeking in this matter. In other words, what exactly is plaintiff alleging that the named defendants did or did not do which he claims violated some unspecified constitutional right, and once that right is specifically identified by plaintiff, what harm was proximately caused by defendants' alleged action or inaction.

5

Accordingly, while the Court will grant plaintiff reconsideration of its initial order in this matter[2] and not recharacterize this action at this time to one brought under 28 U.S.C. § 2254, the Court will nonetheless direct that plaintiff file an amended complaint under 42 U.S.C. § 1983. The amended complaint must set forth, specifically, for each constitutional violation alleged, a short and plain statement of facts, setting forth: (a) what each named defendant did or did not do; (b) what harm plaintiff suffered by defendant's act or failure to act; and (c) what happened, if anything, as a result of the circumstances set forth.

## CONCLUSION

For the reasons set forth above, plaintiff's Objections are "granted" and the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **August 6, 2008** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it

---

[2] *See, e.g.,* United States v. LoRusso, 695 F.2d 45, 53 (2d Cir.1982) ( " '[W]hether the case sub judice be civil or criminal[,] so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." ' (Citation omitted.)).

"renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).  See 28 U.S.C. § 1915(g).

### ORDER

IT IS HEREBY ORDERED that plaintiff's Objections (Docket No. 5) are granted; and

FURTHER, plaintiff is directed to file an amended complaint as directed on or before **August 6, 2008**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a

blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **August 6, 2008**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **August 6, 2008**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **August 6, 2008**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    July 3, 2008
          Rochester, New York

8