-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW SPILLMAN, 316304,

        Plaintiff,

    -v-                                  08-CV-0008M

MALCOLM CULLY; JANINE BAKER-GIBSON;
MARY K. YANIK, Esq., Public
Defender; HON. ROBERT B. WIGGINS,
Justice; NORMAN P. EFFMAN, Esq.,
Public Defender; and FRANCES E.
CAFARELL, Esq., Appellate Division
Fourth Department;

        Defendants.



---

## INTRODUCTION

    Plaintiff *pro se*, Matthew Spillman, who is currently detained at Deep Meadow Correctional Center in State Farm, Virginia, filed a complaint under 42 U.S.C. § 1983 (Docket # 1). Upon initial review pursuant to 28 U.S.C. § 1915(e), the Court issued an Order indicating that the action was one properly brought under 28 U.S.C. § 2254, and that the Court would recharacterize the action as such if plaintiff did not consent to withdraw the § 1983 action (Docket # 4). Plaintiff then objected to the Courts decision (Docket # 5) and the Court reconsidered it's decision, allowing plaintiff to amend his complaint to attempt to assert a proper action pursuant to 42 U.S.C. § 1983 (Docket # 6). Plaintiff has now amended his complaint and it has been reviewed pursuant to 28 U.S.C. § 1915(e).

For the reasons discussed below, plaintiff's action is dismissed for failing to state a cause of action pursuant to 42 U.S.C. § 1983.

## DISCUSSION

The Court has reviewed plaintiff's amended complaint, and the action must be dismissed. Plaintiff has added several new defendants, none of whom are susceptible to being sued under § 1983. Plaintiff has failed to state a claim under § 1983 against the remaining defendants.

**Defendants**

Plaintiff has added two public defenders, one prosecutor, one state court justice and a state court attorney. For the reasons that follow, no § 1983 suit may be maintained against any of these defendants.

**Public defenders**

Plaintiff has named attorneys Mary K. Yanik and Norman P. Effman, each of whom represented him in the state habeas proceedings. In order to support a § 1983 claim, the defendant must be acting under "color of state law." 42 U.S.C. § 1983; Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993). It is well established, however, that an attorney representing a client in a criminal trial, whether that attorney is a public defender, legal aid attorney or court-appointed counsel, is not acting under the color of state law. Polk County v. Dodson, 454 U.S. 312 (1981).

2

Therefore, plaintiff has not stated a cause of action against these two defendants.

**Judicial defendants**

Plaintiff has named as defendants Hon. Robert B. Wiggins, the State Court Judge assigned to his habeas proceedings, and Frances E. Cafarell, Esq., Court Attorney for the Appellate Division Fourth Department. Each is protected from suit by the doctrine of judicial immunity. It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. See, e.g., Mireles v. Waco, 502 U.S. 9 (1991).

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

Id., at 10 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871)). The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, Pierson v. Ray, 386 U.S. 547, 554 (1967). The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983. See Pierson, 386 U.S. at 547. Judge Wiggins was acting within the scope of his judicial capacity in addressing the habeas petition and is, therefore, immune from suit. Likewise, persons acting in support of a court's judicial functions are immune from suit. "Court clerks have absolute quasi-

judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." See Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1390 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988); see also, Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (explaining that "the same policies underlying immunity for judges also justify a similar grant of immunity to clerks for performance of tasks which are judicial in nature and an integral part of the judicial process ... [e]ven when functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer") (internal quotations marks omitted). Ms. Cafarell's duties as a court attorney were plainly in support of the court's judicial functions, and she is immune from suit by application of the doctrine of quasi-judicial immunity. No action may be maintained against these defendants.

**Prosecutor**

Plaintiff has also named Assistant District Attorney Eric Shiener, who appeared on behalf of defendant in the habeas corpus petition brought by plaintiff. In addition to judges, prosecutors performing traditional prosecutorial activities are given absolute immunity in § 1983 suits. See Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). "The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation,

4

including presentation of evidence to a grand jury to initiate a prosecution ..., activities in deciding not to do so ..., and conduct of plea bargaining negotiations...." See Barrett v. United States, 798 F.2d 565, 571-572 (2d Cir. 1986) (citing Lee v. Willins, 617 F.2d 320 (2d Cir. 1980), cert. denied, 449 U.S. 861 (1980); Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (internal citations omitted); and see Barr v. Abrams, 810 F.2d 358 (2d Cir. 1987); Bernard v. County of Suffolk, 356 F.3d 495,540 (2d Cir. 2004) ("the fact that improper motives may influence his authorized discretion cannot deprive him of absolute immunity"). No action may be maintained against this defendant for activities involved in the defense of the habeas petition brought by plaintiff.

**The Complaint Does Not Allege a Valid § 1983 Claim**

The gravamen of plaintiff's amended complaint against the remaining two original defendants in this action is that he was held unlawfully pursuant to a warrant from the State of Virginia that he alleges was without jurisdiction to detain him. The Court exhorted plaintiff to make clear what constitutional right he believes was denied him, and what relief he seeks. Although plaintiff could well have had a claim under New York State or Virginia law, he has pointed to no federal constitutional right that has been violated.

Plaintiff seeks money damages and does allege that his due process rights were deprived (Amended Complaint, p. 4-A). However, to establish a denial of due process, the person allegedly deprived must have been entitled to due process in a matter concerning a

constitutional liberty interest. Plaintiff has pointed to no liberty interest he possessed under the Federal Constitution that was denied, other than that of being illegally detained. As was discussed in the Court's Order of February 12, 2008, plaintiff could pursue in this Court his claim of being illegally detained only by way of a federal habeas petition. Although the illegal detainment claim may be undercut by the fact that plaintiff was apparently properly being held by the State of New York until his New York State maximum expiration date[1] when he was released by New York State, plaintiff may have had a claim under 28 U.S.C. § 2254 for unconstitutional detention. However, plaintiff objected to the complaint being recharacterized as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff had filed a state court habeas petition and appeal, but did not choose to pursue the denial of the rights he sought to pursue in those actions in this Court as a federal habeas petition.

It is now clear that plaintiff never had any claim pursuant to Wilkinson v. Dotson, 544 U.S. 74 (2005), as was previously argued by

---

[1]The Court takes Judicial Notice of the fact that plaintiff is no longer in the custody of New York State, having apparently reached his maximum expiration date. Any habeas petition would, therefore, need to be brought where the conviction or other basis for holding him in custody exists. The New York State Department of Correctional Services has established a website through which one may determine the custody status of persons in the custody of the Department of Corrections. Similarly, the State of Virginia provides such information. The Virginia Department of Corrections website indicates that plaintiff is currently in a Virginia Department of Corrections facility with a projected release date of April 6, 2009. Federal Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."

plaintiff that was not barred by the principles of Heck v. Humphrey, 512 U.S. 477 (1994) which held that an inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under § 1983 until the conviction or sentence was invalidated on direct appeal or by a habeas corpus petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004)("[W]here an inmate ... challeng[es] the fact of his conviction or the duration of his sentence, [the] claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance.") (citations omitted); see also Court's discussion in its previous Order (Docket # 4). Therefore, the action must be dismissed for failure to state a claim under § 1983.

### CONCLUSION and ORDER

Because plaintiff has failed to present a cognizable basis for claiming a denial of a federal constitutional right as required pursuant to 42 U.S.C. § 1983, the Complaint is dismissed.

**SO ORDERED.**

                                                  s/Micahel A. Telesca
                                                MICHAEL A. TELESCA
                                      United States District Judge

Dated:     November 18, 2008
            Rochester, New York